## Bird, et al. v. Meredith, et al.

(Decided February 11, 1927.)

### Appeal from Edmonson Circuit Court.

Appeal and Error—Appeal from Judgment refusing to Set Off Against Mortgage Debt Amount Less than $500.00 Held Not Within Jurisdiction of Court of Appeals (Ky Stats., Section 950).—In an action to enforce a real estate mortgage lien, in which defendant sought to set off against mortgage debt a judgment for less than $500, judgment, declining to credit amount of judgment on the mortgage debt, held not appealable to Court of Appeals, since neither title to land, right to easement therein, nor right to enforce statutory lien, was involved, as required by Ky. Stats., section 950, where amount in controversy is less than $500.00.

MILTON CLARK for appellants.

B. M. VINCENT and LOGAN & VINCENT for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Dismissing appeal.

On May 13, 1924, Meredith filed his equitable action in the Edmonson circuit court against Bird and wife to

enforce a mortgage lien on a certain house and lot to secure a debt of about $65.00.

At the time there was pending in the Warren circuit court an action by Bird against Meredith for the balance on certain work Bird had done for him at his house, and on the first or second of June, 1924, Bird recovered in that action a judgment against Meredith for $45.00. On the following day Lindsey filed in the Edmonson quarterly court an action to enforce a judgment theretofore given him against Bird, and upon which there had been a return of "no property," and to that action he made Meredith a party and attached in his hands the amount of the judgment rendered against Meredith in favor of Bird.

Thereafter on the 7th of June, 1924, Bird filed his answer, set-off and counterclaim in the action of Meredith to enforce his mortgage lien, and relied upon his judgment against Meredith in the Warren circuit court as a set-off.

Lindsey, who had theretofore attached the fund in Meredith's hands, was made a party to the equitable action in the Edmonson circuit court, and upon a final judgment the court upheld the attachment of Lindsey and declined to grant Bird a credit on Meredith's mortgage debt for the amount of such judgment.

This appeal only presents the question as to the action of the court in this matter, there being no other controversy between the parties.

In the first place Meredith was only seeking to enforce a contract lien on Bird's property, and even if the lower court had allowed the set-off to Bird as a credit on the $45.00 judgment, Meredith could not have prosecuted an appeal to this court under the provisions of section 950, Ky. Stats., for it is only where a statutory lien is directly involved that the right of appeal exists without regard to the amount in controversy. But here the only thing involved was the right of the defendant to a set-off against a note secured by mortgage, and the amount of that set-off is only $45.00. Neither the title to land, the right to an easement therein nor the right to enforce a statutory lien is involved.

Clearly this court has no jurisdiction of the appeal and the same is dismissed.

Judge Logan not sitting.